UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD COPELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:04cv1563 TCM |
| ) | |
| AETNA LIFE INSURANCE COMPANY ) | |
| and ARAMARK SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending in this action challenging the denial of short-term disability benefits and long-term disability benefits is a motion by one of the two defendants, Aetna Life Insurance Company ("Aetna") to dismiss the claims.[1] [Doc. 23]

## Background

Ronald Copeland was, at all times relevant, an employee of Aramark Services, Inc. ("Aramark"). (Am. Compl. ¶¶ 9, 11-22.) As such, he was a participant in Aramark's Managed Disability Plan for Salaried Employee (the "Plan"). (Id. ¶¶ 6, 9.) This Plan provided for short-term disability ("STD") benefits and long-term disability ("LTD") benefits. (Id. ¶ 9.) The Plan Summary, attached as an exhibit to the amended complaint, identifies Aetna as the claims administrator. (Compl Ex. A at [iii], 13.)

STD benefits are processed through Aramark's payroll system. (Id. at [iv], 7.) LTD benefits are mailed by Aetna to the recipient's home. (Id.) Neither benefit is paid until Aetna

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

certifies the participant as disabled. (Id. at 4, 6.) If an LTD benefit is overpaid, Aetna may ask for a lump sump payment or may reduce or eliminate future payments until the overpayment is recouped. (Id. at 8.) The benefits will end if, inter alia, the participant does not comply with Aetna's mandatory rehabilitative program or refuses to meet with an Aetna representative. (Id. at 6, 9.) Additionally, a participant may appeal the denial of a claim for benefits by writing to Aetna with a statement of why the denial is improper. (Id. at 11.) Aetna is to send a written response within 60 days of receipt of an appeal. (Id.) Aramark has "the exclusive right to interpret and administer the Plan's provisions" and the decision of its plan administrator is conclusive and binding. (Id.)

Alleging that the denial of STD and LTD benefits is arbitrary and capricious and a violation of the Plan, Plaintiff seeks an award of benefits retroactive to May 2002 and attorney's fees pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

Arguing that the relief sought may only be obtained against the Plan or the entity responsible for paying benefits to the Plan participants and that it is neither, Aetna moves to dismiss the claims against it. Plaintiff opposes this motion.

## Discussion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim. In considering a Rule 12(b)(6) motion, this Court must assume that all the facts alleged in the complaint are true, see **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957); **Knapp v. Hanson**, 183 F.3d 786, 788 (8th Cir. 1999), and must construe the allegations in the complaint and the reasonable inferences arising therefrom in the light most

favorable to the plaintiff, see **Scheuer v. Rhodes**, 416 U.S. 232, 236 (1974); **Knapp**, 183 F.3d at 788. The issue is not whether the pleading party will ultimately prevail, but whether that party is entitled to offer evidence in support of its claim. See **Scheuer**, 416 U.S. at 236; **Estate of Rosenberg v. Crandell**, 56 F.3d 35, 36-37 (8th Cir. 1995). "'Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief,'" **Parnes v. Gateway, Inc.**, 122 F.3d 539, 546 (8th Cir. 1997) (quoting Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982)), for instance, a plaintiff fails to allege all the necessary elements of the claim, **Penn v. Iowa State Bd. of Regents**, 999 F.2d 305, 307 (8th Cir. 1993), or includes merely conclusory allegations, see **Springdale Educ. Ass'n v. Springdale Sch. Dist.**, 133 F.3d 649, 651 (8th Cir. 1998).

According to the allegations in the amended complaint and attached Plan summary,[2] Aramark sponsors the Plan and delegates to Aetna the authority to determine whether a Plan participant is eligible for benefits and to also decide the appeal from any adverse decision. See **McKeehan v. CIGNA Life Ins. Co.**, 344 F.3d 789, 793 (8th Cir. 2003) (holding that a plan sponsor, e.g., Aramark, may delegate its discretionary authority to determine a participant's eligibility for benefits). On the other hand, Aramark interprets and administers the Plan's provisions. "[T]he proper party against whom a claim for ERISA benefits may be

---

[2]"'[M]aterials attached to the complaint as exhibits may be considered in determining the sufficiency of the complaint,'" **Meehan v. United Consumers Club Franchising Corp.**, 312 F.3d 909, 913 (8th Cir. 2002) (quoting Morton v. Becker, 793 F.3d 185, 187 (8th Cir. 1986)) (alteration added), but materials attached to a motion to dismiss may not be considered unless the motion is converted to one for summary judgment, see **Casazza v. Kiser**, 313 F.3d 414, 417-18 (8th Cir. 2002). Consequently, the Court will consider the Plan summary but not the Administrative Services Contract and Plan documents attached to Aetna's reply memorandum.

brought 'is the party that controls administration of the plan,' not the plan participant's employer." **Hall v. Lhaco, Inc.**, 140 F.3d 1190, 1194 (8th Cir. 1998) (quoting Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998)). Thus, in **Farfalla v. Mutual of Omaha Ins. Co.**, 324 F.3d 971, 973 (8th Cir. 2003), it was the adverse eligibility decision of a plan claims administrator, an insurance company, and not the plan administrator, the plaintiff's employer, that was examined under an abuse of discretion standard because the insurance company "retained responsibility for investigating and deciding claims." See also **Farley v. Arkansas Blue Cross and Blue Shield**, 147 F.3d 774, 775 (8th Cir. 1998) (reviewing decision of claims administrator for abuse of discretion); **Layes**, 132 F.3d at 1240 (affirming *summary judgment* in favor of employer in § 1132(a)(1)(B) case on grounds that employer was not proper party defendant; proper party defendant was insurance company that was administrator of long-term disability benefit plan; it was insurance company that determined eligibility, notified employee of decision to deny benefits, apprised him of his right to appeal, and determined appeal); **Birdsell v. United Parcel Service**, 94 F.3d 1130, 1133 (8th Cir. 1996) (reviewing decision of employer for abuse of discretion because employer had the *exclusive* right to *determine eligibility* for benefits); **Dickson v. A.B. Holding Co.**, 2005 WL 1828821 at *2-3 (E.D. Mo. Aug. 5, 2005) (determining merits of ERISA benefits claim against employer and Aetna, the insurer and fiduciary; employer was the plan administrator and Aetna was the claims administrator with discretionary authority to determine eligibility for benefits); **House v. Paul Revere Life Ins. Co.**, 1999 WL 33499955 at *2 (W.D. Ark. 1999) (holding pursuant to motion for summary judgment that claims administrator was the proper party defendant

because it had full and final authority to construe policies and provide benefits under ERISA plan), rev'd on merits of denial, 241 F.3d 1045 (8th Cir. 2001).

On the record now before the Court and under the governing standard of review for Rule 12(b)(6) motions to dismiss, the Court finds that there are sufficient allegations that Aetna in fact administered the Plan to state a cause of action under ERISA for the wrongful denial of benefits. See **Price v. Xerox Corp.**, 379 F.Supp.2d 1026, 1028 (D. Minn. 2005) (declining to dismiss defendant that argued it was not properly named because the court could not determine which defendant or defendants controlled the administration of the LTD plan or "in fact" administered the LTD plan). See also **Minadeo v. ICI Paints**, 398 F.3d 751, 759 (6th Cir. 2005) (finding the record insufficient to make necessary determination of the relationship between the defendant and named plan administrator in the context of the administration of benefits).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Aetna Life Insurance Company to dismiss is **DENIED**. [Doc. 23]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of October, 2005.